| STATE OF INDIANA | ) | WHITLEY COUNTY SUPERIOR COURT |
|---|---|---|
| | ) SS: | |
| COUNTY OF WHITLEY | ) | CAUSE NO.: 92D01-2306-CT-000548 |

NIKKI R. BUCKLEY, as Personal Representative )
of the ESTATE OF TERRI M. WAIT, and MARK )
A. WAIT, as Personal Representative of the )
ESTATE OF JEROME H. WAIT, )
                    Plaintiffs, )

v. )

SOBIRJON RAKHIMOV and I&S )
TRANSPORTATION, LLC, )
                    Defendants. )

**COMPLAINT FOR DAMAGES**

Come now the Plaintiffs, Nikki R. Buckley, as Personal Representative of the Estate of Terri A. Wait, and Mark A. Wait, as Personal Representative of the Estate of Jerome H. Wait, by counsel, and for their cause of action against the Defendants, allege and state as follows:

**General Allegations**

1. Nikki R. Buckley is the duly appointed personal representative of the Estate of Terri A. Wait (TERRI), and Mark A. Wait is the duly appointed personal representative of the Estate of Jerome H. Wait (JEROME), appointed by the Whitley County Circuit Court, Cause No. 92C01-2303-EU-000021.

2. At all times relevant herein, TERRI was a resident of the State of Indiana.

3. At all times relevant herein, JEROME was a resident of the State of Indiana.

4. At all times relevant herein, the Defendant, Sobirjon Rakhimov (RAKHIMOV), was a CDL-licensed operator of a commercial motor vehicle driving in Indiana.

5. At all times relevant herein, the Defendant, I&S Transportation, LLC (I&S) was a commercial motor carrier with operating authority pursuant to its US DOT Number, 03063860, doing business and operating in the State of Indiana.

6. At all times relevant herein, RAKHIMOV was an employee of I&S and was operating a commercial motor vehicle and otherwise acting within the course and scope of his employment with I&S.

7. At all times relevant herein, RAKHIMOV was operating a commercial motor vehicle pursuant to authority conveyed by the United States Department of Transportation, Identification Number 03063860, registered to I&S.

8. On or about March 1, 2023, RAKHIMOV was operating a commercial motor vehicle on US 30 eastbound near its intersection with W. Lincolnway in Columbia City, Indiana.

9. At that same time and place, JEROME was operating a passenger car in front of RAKHIMOV on US 30 eastbound near its intersection with W. Lincolnway in Columbia City, Indiana with TERRI as a passenger.

10. At or near that same time and place, JEROME and TERRI's passenger car was either facing east while stopped at a red traffic light near said intersection or travelling east very slowly moments after the aforementioned traffic light changed from red to green.

11. At that same time and place, RAKHIMOV negligently operated his commercial motor vehicle by failing to slow or stop behind Plaintiffs' car, and struck Plaintiffs' car, causing a collision (COLLISION).

12. As a result of the COLLISION, TERRI died and was pronounced dead at the scene shortly after the COLLISION.

13. As a result of the COLLISION, JEROME was not pronounced dead at the scene and survived TERRI and was transported to a hospital where JEROME was alive and receiving medical treatment for an extended period of time before JEROME died.

14. A responsible cause of the above-referenced COLLISION and the death and/or injuries of the Plaintiffs was the negligence of the Defendants.

**Count I:   Survival Action**

15. Plaintiffs hereby re-allege and incorporate herein by reference the material allegations of

2

paragraphs 1 through 14 of this Complaint for Damages.

16. JEROME suffered personal injuries as a result of the COLLISION, the responsible cause of which was the negligence of Defendants.

17. As a direct and proximate result of the negligence of Defendants that was not the proximate cause of JEROME'S death, JEROME suffered pain, and/or physical injuries, and/or decreased ability to interact with his environment and his family members, and/or an inability interact with his family members, and/or mental anguish, and/or loss of enjoyment of life during the last years of his life, and other damages.

WHEREFORE, Plaintiff, Mark A. Wait, as Personal Representative of the Estate of JEROME, by counsel, respectfully prays for judgment against the Defendants in an amount commensurate with the injuries and damages of JEROME, the Estate of JEROME, for the costs of this action, and for all other relief just and proper in the premises.

## Count II:   Wrongful Death of TERRI

Comes now the Plaintiff, Mark A. Wait, as Personal Representative of the Estate of JEROME, by counsel, and for his cause of action against the Defendants, alleges and states as follows:

18. Mark A. Wait hereby re-alleges and incorporates herein by reference the material allegations of paragraphs 1 through 14 of this Complaint.

19. JEROME survived TERRI following the COLLISION.

20. As a proximate result of the negligence of defendants, JEROME and/or the Estate of JEROME suffered the loss of services, loss of love and companionship, funeral and burial expenses, attorneys' fees, and other damages due to the death of TERRI.

21. JEROME and the Estate of JEROME are entitled to recover all damages for a surviving spouse and the Estate under Indiana law.

WHEREFORE, Nikki R. Buckley, as Personal Representative of the Estate of TERRI, and

Mark A. Wait, as Personal Representative of the Estate of JEROME, by counsel, respectfully pray for judgment against the Defendants in an amount reasonably calculated to compensate them for all damages allowable under the Indiana Statute, the costs of this action, and for all other relief just and proper in the premises.

### Count III:   Wrongful Death of JEROME

22. Mark A. Wait, as the Personal Representative of the Estate of JEROME, hereby re-alleges and incorporates herein by reference the material allegations of paragraphs 1 through 14 of this Complaint.

23. Following the death of TERRI, JEROME sustained personal injuries caused by the negligence of Defendants which were a proximate cause of his death.

24. JEROME is survived by adult children.

25. On behalf of the Estate of JEROME, Mark A. Wait, as the Personal Representative of the Estate of JEROME, may recover all damages and compensation as allowed under Indiana law.

*WHEREFORE*, the Mark A. Wait, as the PR of the Estate of JEROME, by counsel, respectfully prays for judgment against the Defendants for all damages allowable under Indiana Statute, the costs of this action, and for all other relief just and proper in the premises.

### Count IV:   Punitive Damages

26. Nikki R. Buckley and Mark A. Wait hereby re-allege and incorporate herein by reference the material allegations of paragraphs 1 through 14 of this Complaint.

27. A responsible cause of the above-referenced COLLISION and personal injuries that were not the proximate cause of the deaths of TERRI and JEROME was the RAKHIMOV's and/or I&S's acts and/or omissions that were the result of RAKHIMOV and/or I&S acting maliciously, fraudulently, willfully or wantonly with conscious disregard for probable injury, and/or with gross negligence or oppressiveness that was not the result of a mistake of fact or law, honest error or

judgment, overzealousness, mere negligence, or other human failing.

28. The aforementioned conduct of RAKHIMOV and/or I&S warrants an entry of punitive damages against Defendants.

WHEREFORE, Plaintiffs, by counsel, respectfully pray for judgment against the Defendants in an amount which will fully and reasonably compensate them adequate to compensate them for all injuries, damages and losses, for punitive damages, for costs of this action, and all other relief just and proper in the premises.

Respectfully submitted,
**DOEHRMAN•BUBA●RING**

 /s/ Daniel J. Buba
Daniel J. Buba, Esq. (#17889-53)
Kyle T. Ring, Esq. (#28752-49)
600 E. 96th Street, Suite 450
Indianapolis, IN 46240
(317) 844-9999

DOEHRMAN●BUBA•RING
600 E. 96th. Street, Suite 450
Indianapolis, IN 46240
(317) 844-9999