UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| NIKKI R. BUCKLEY, as Personal Representative of the ESTATE OF TERRI M. WAIT, and MARK A. WAIT, as Personal Representative of the ESTATE OF JEROME H. WAIT, <br><br>      Plaintiffs, <br><br>    v. <br><br> SOBIRJON RAKHIMOV and I&S TRANPORTATION, LLC, <br><br>      Defendants. | ) ) ) ) ) ) ) ) ) ) CASE NO.: 1:23-cv-00341-HAB-SLC ) ) ) ) ) ) |

## OPINION AND ORDER

Plaintiffs, personal representatives for the estates of Terri M. Wait ("Terri") and Jerome H. Wait ("Jerome"), sued Defendants, Sobirjon Rakhimov ("Rakhimov") and I&S Transportation LLC ("I&S"), for fatal injuries that Terri and Jerome received in a March 2023 car crash with an I&S vehicle which Rakhimov was driving. Terri was killed instantly while Jerome survived for a short period after the collision. In their Complaint (ECF No. 3), Plaintiffs bring claims under Indiana's Survival Act[1] on behalf of Jerome's Estate and Indiana's General Wrongful Death Statutes[2]. And Plaintiffs assert that punitive damages apply here. (ECF No. 3 at 4-5).

Defendants, in their Answer (ECF No. 6), admitted that the crash caused Jerome's death. Indeed, "if it is clear that the decedent's death was caused by the defendant's actions, only damages for wrongful death, and not those for a survival action," are available. *Cahoon v. Cummings*, 734 N.E.2d 535, 543 (Ind. 2000). Defendants filed the instant Motion for Partial Judgment on the

---

[1] Ind. Code § 34-9-3-4.
[2] Ind. Code §§ 34-23-1-1, 34-23-1-2.

1

Pleadings (ECF No. 7) asserting that Jerome's survival action is barred because of Defendants' admission. They also contend that, under Indiana law, wrongful death actions do not permit recovery of punitive damages. The motion is now fully briefed (ECF Nos. 8, 12) and ripe for ruling. For the reasons below, Defendants' motion will be GRANTED IN PART to the extent that Defendants are entitled to judgment on the Estate of Terri's punitive damages claim. But Defendants' motion will be OTHERWISE DENIED.

### I.     Factual Background

On March 1, 2023, Jerome was driving his vehicle on US 30 eastbound in Columbia City, Indiana with his wife Terri as a passenger. (ECF No 3, ¶ 9). At the same time, Rakhimov was driving a commercial motor vehicle within the course and scope of his employment with I&S. (*Id.* at ¶¶ 5-7). Rakhimov—also driving eastbound on US 30 behind Plaintiffs—collided with the rear of Jerome's vehicle. (*Id.* at ¶¶ 9, 11).

Terri died because of the collision and was pronounced dead at the scene. (ECF No. 6 at ¶ 12). Jerome, however, was not pronounced dead at the scene and was transferred to a hospital where he was alive and receiving medical treatment for an extended period. (ECF No. 3, ¶ 13). Yet Jerome died as well. (*Id.*).

In June 2023, Plaintiffs, on behalf of Terri and Jerome, sued Defendants in Whitley County, Indiana for their injuries. (ECF No. 3). Plaintiffs' claims include a survival action for Jerome, wrongful death actions for Jerome and Terri, and punitive damages. (*Id.*). Defendants timely removed the case to this Court based on diversity of citizenship. (ECF No. 1). Defendants answered Plaintiffs' Complaint on August 31, 2023. (ECF No. 6).

Pertinent here, Plaintiffs alleged that "[f]ollowing the death of [Terri], [Jerome] sustained personal injuries caused by the negligence of Defendants which were a proximate cause of his

death." (*Id.* at ¶ 23). In response, Defendants admitted that the collision caused both Terri and Jerome's death:

> Defendants admit only that following the death of Terri M. Wait, Jerome H. Wait died as a result of a collision between the commercial motor vehicle being driven by Rakhimov and Plaintiffs' car. Defendants deny they were negligent and deny the remaining allegations contained Paragraph 23 of Plaintiffs' Complaint.

(*Id.*).

**II.     Standard of Review**

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is governed by the same standard the Court uses when reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). "A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014) (citing Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997)).

When reviewing a complaint attacked by a Rule 12(b)(6) motion, a court construes the complaint in the light most favorable to the non-moving party, accepts the factual allegations as true, and draws all inferences in the non-moving party's favor. *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). A court should not grant a motion for judgment on

3

the pleadings unless "it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *N. Ind. Gun & Outdoor Shows, Inc. v. City of S Bend*, 163 F.3d 449, 452 (7th Cir. 1998).

### III. Discussion

Defendants first urge this Court to grant judgment in their favor on Jerome's survival action because Defendants admitted in their answer that "Jerome died as a result of the collision." (ECF No. 8 at 3). Absent any survival claim, Defendants contend that Plaintiffs' punitive damages claims must fail too because punitive damages are not recoverable under Indiana's wrongful death statutes. (*Id.* at 4-7). Plaintiffs counter that Defendants' admission does not establish that the collision is the sole cause of Jerome's death. (ECF No. 12 at 5). Thus, Plaintiffs' position is that they can maintain alternative causes of action—Jerome's survival action and wrongful death action—under Federal Rule of Civil Procedure 8(d)(2). And because survival actions allow for recovery of punitive damages, Plaintiffs believe they should be permitted to pursue such an award. (*Id.* at 4-6). This case comes before the Court based on diversity of citizenship, so Indiana substantive law applies.

Indiana's Survival Act applies when (1) a person receives personal injuries by the wrongful act or omission of another and (2) that person later dies from causes other than those personal injuries. Ind. Code § 34-9-3-4(a). Subsection (b) provides a deceased individual's personal representative with a cause of action for injuries that the decedent would have been able to recover for had they survived:

> (b) The personal representative of the decedent who was injured may maintain an action against the wrongdoer to recover all damages resulting before the date of death from those injuries that the decedent would have been entitled to recover had the decedent lived. The damages inure to the exclusive benefit of the decedent's estate.

4

Ind. Code § 34-9-3-4(b). Indeed, the Survival Act provides "that if an individual who has a personal injury claim or cause of action dies, the claim or cause of action does not survive and may not be brought by the representative of the deceased party unless the individual dies from causes other than those personal injuries." *Ellenwine v. Fairley*, 846 N.E.2d 657, 660-61 (Ind. 2006) (citing Ind. Code §§ 34-9-3-1, 34-9-3-4).

Defendants rely heavily on *Cahoon* for the notion that "if it is clear that the decedent's death was caused by the defendant's actions, only damages for wrongful death, and not those for a survival action," are available. 734 N.E.2d at 543. But Defendants' admission does not establish that the collision was the sole cause Jerome's death. Plaintiffs allege in their complaint that Defendants' negligence caused personal injuries which were "**a** proximate cause of [Jerome's] death." (ECF No. 6 at ¶ 23) (emphasis added). Although Defendants responded by admitting that "[Jerome] died as a result of a collision," that does not foreclose other potential causes of his death. (*Id.*). The pleadings do not establish whether Jerome ultimately died from the collision or some other unrelated condition or comorbidity.

Defendants appear to ignore some essential aspects of *Cahoon*—a case that analyzed whether the trial judge properly allowed jury instructions for wrongful death and survival actions. 734 N.E.2d at 541. And the *Cahoon* Court held that "the trial court was correct to allow [Plaintiff] to pursue both theories to verdict." *Id.* at 543. Central to the court's holding was Indiana Rule of Trial Procedure 8(E)(2) which permits a plaintiff to plead alternate but inconsistent claims in a complaint. *Cahoon,* 734 N.E.2d at 543; *See also* Ind. R. Trial P. 8 ("A pleading may . . . state as many separate claims or defenses as the pleader has regardless of consistency and whether based on legal or equitable grounds."). The rational being "Trial Rule 8(E) is designed to avoid the

5

problem that a plaintiff may recover nothing on a valid claim if forced to speculate as to which theory a jury will ultimately find credible." *Id.*

> *Cahoon* makes clear that a plaintiff need not adopt a theory of their case at the outset:
>
> Under [Rule 8(E)(2)], a party is not required to adopt a theory of the case at the outset. *See Palacios v. Kline*, 566 N.E.2d 573, 576 (Ind. Ct. App. 1991). Rather, it is sufficient to plead the operative facts of the case so the defendant is put on notice as to the evidence that will be presented at trial. *See id.* Thus, although defendants must receive notice as to what evidence will be presented against them, there is no procedural bar to pursuing both a wrongful death and survival action. *Cf. Olympia Hotels Corp. v. Johnson Wax Dev. Corp.*, 908 F.2d 1363, 1371 (7th Cir. 1990) (concluding that, in contract case, the adoption of Rule 8(E) has abolished the requirement for election of remedies at the pleading stage in the federal courts).

*Id.* at 543. The federal counterpart to Indiana's trial rule is embodied in Federal Rule of Civil Procedure 8(d)(2). Like Indiana's rule, it allows a party to "set out 2 or more statements of a claim or defense alternatively." Fed. R. Civ. P 8(d)(2). "If a party makes alternative statements, the pleadings is sufficient if any one of them is sufficient." *Id.*

Jerome's estate asserts the same alternative causes of actions as the plaintiff in *Cahoon*— a survival claim as an alternative to the wrongful death claim. These alternative causes of action are permitted under the Federal and Indiana procedural rules. And, under Indiana's Survival Act, there is no bar to Jerome's survival claim unless it is clear that Jerome died solely from the collision. *See* Ind. Code § 34-9-3-1.

*Cahoon*'s rationale applies with equal force here. If the Court dismisses the survival claim and it is later determined Jerome died from other comorbidities, Jerome's Estate is denied the opportunity to pursue any claim. Indeed, Jerome's Estate runs the risk of recovering "nothing on a valid claim if forced to speculate as to which theory [to pursue]" at this early stage of litigation. *Cahoon,* 734 N.E.2d at 543. Defendants' admission merely establishes the collision as a single proximate cause of Jerome's death, but it fails to eliminate other potential causes.

With the door still open to other causes of Jerome's death, it does not appear "beyond doubt that [Jerome's Estate] cannot prove any facts that would support" the survival claim. *N. Ind. Gun & Outdoor Shows,* 163 F.3d at 452. Jerome's Estate may pursue the survival claim. Moreover, because survival actions allow for recovery of punitive damages, Jerome's Estate may maintain a claim for punitive damages at this juncture. *See Foster v. Evergreen Healthcare, Inc.,* 716 N.E.2d 19 (Ind. App. 1999) ("In summary, then, we hold that…Indiana's survival statute, does allow for the recovery of punitive damages by the personal representative of the decedent's estate.").

Although that settles Defendants' issues for Jerome's Estate, there is still one issue left unresolved surrounding Terri's Estate. Unlike Jerome, Terri's Estate does not allege a survival claim as she died at the scene. Rather, her estate asserts only a wrongful death claim and punitive damages claim. (ECF No. 3 at 4-5). Yet "punitive damages are not recoverable under the wrongful death statute." *Durham v. U-Haul Int'l*, 745 N.E.2d 755, 763 (Ind. 2001). Under Indiana law, Terri's Estate cannot recover punitive damages for its wrongful death claim. Judgment is thus granted in Defendants' favor as to the punitive damages claim of Terri's Estate.

### IV.  Conclusion

For these reasons, the Court GRANTS IN PART Defendants Motion for Judgment on the Pleadings (ECF No. 7) to the extent that Defendants are entitled to judgment on the Nikki R. Buckley's, as personal representative of the estate of Terri M. Wait, punitive damages claim. But Defendants' Motion is OTHERWISE DENIED.

SO ORDERED on December 15, 2023.

 s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT