UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **NIKKI R. BUCKLEY,** *as Personal Representative of estate of* **Terri M. Wait,** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **SOBIRJON RAKHIMOV,** *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) Case No. 1:23-cv-00341-HAB-SLC |

## **OPINION AND ORDER**

Before the Court is the parties' joint motion for entry of a protective order, requesting approval of a stipulated protective order as to disclosure of certain confidential financial information for the purposes of settlement negotiations under Federal Rule of Evidence 408. (ECF 22). The motion (ECF 22) is GRANTED to the extent set forth in this Order. The proposed agreed protective order (ECF 22) is APPROVED and ADOPTED as an Order of this Court, provided, however, that:

(1)  as set forth in Paragraph 4, the Order does not authorize either party to file or maintain any document under seal.[1] That is, NO DOCUMENT OR PORTION OF A DOCUMENT WILL BE MAINTAINED UNDER SEAL IN THE ABSENCE OF AN AUTHORIZING STATUTE, COURT RULE, OR FURTHER LEAVE OF COURT. *See* N.D. Ind. L.R. 5-3;

---

[1] "[T]he same scrutiny is not required for protective orders made only for discovery as for those that permit sealed filings." *Containment Techs. Grp., Inc. v. Am. Soc'y of Health Sys. Pharmacists*, No. 1:07-cv-997, 2008 WL 4545310, at *3 (S.D. Ind. Oct. 10, 2008). Here, because the Order does not permit sealed filings absent further leave of Court, the Order enjoys a lesser level of scrutiny.

(2)  should materials covered by the stipulated protective order become material to any Court ruling, the nondisclosure of the confidential information may be revisited by the Court *sua sponte. Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) ("Documents that affect the disposition of federal litigation are presumptively open to public view." (citation omitted));

(3)  while the Order will remain in force after the termination of the suit, the Court will not retain jurisdiction over the Order, as the Court is unwilling to enter a protective order that suggests it retain jurisdiction of any kind after resolution of the case. *See EEOC v. Clarice's Home Care Serv., Inc.*, No. 3:07-cv-601 GPM, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging the parties to make a contractual agreement among themselves for the return of sensitive documents without court oversight); *see also Large v. Mobile Tool Int'l, Inc.*, No. 1:02-CV-177, 2010 WL 3120254, at *1 (N.D. Ind. Aug. 6, 2010); and

(4)  to clarify, to the extent any protected material is submitted to the Court, Paragraphs 3, 6, 7, 8, and 9 shall not apply to the Court and Court personnel.

SO ORDERED.

Entered this 3rd day of May 2024.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge